[No. 1842]

# SUTHERLAND MURRAY AND F. JACOBS, RESPONDENTS, *v.* CHARLES H. OSBORNE AND I. M. WILLIAMS, APPELLANTS.

1. APPEAL AND ERROR—PRESUMPTIONS—FINDINGS—SUFFICIENCY.

    Findings necessary to support the judgment are presumed where findings are not made or requested.

2. APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS.

    It is the exclusive province of the court, acting without a jury, to determine the facts on conflicting evidence, and its finding sustained by any substantial evidence is conclusive on appeal.

3. TRIAL—FINDINGS OF FACT—SUFFICIENCY.

    On the issue whether a claimant to mining claims had performed the necessary discovery work, the findings and opinion of the trial court showing facts on which the court could determine whether the discovery work was sufficient were sufficient statements of facts.

4. MINES AND MINERALS—DISCOVERY WORK—SUFFICIENCY.

    Under Comp. Laws, 209, as amended by Stats. 1901, c. 93, requiring the locator of a mining claim to sink a discovery shaft thereon, and providing that a cut equivalent in size to a shaft ten feet deep, is equivalent to a discovery shaft, and section 214, providing that relocation of abandoned claims shall be by sinking a new discovery shaft, or the relocator may sink the discovery shaft ten feet deeper than it was at the time of abandonment, etc., a locator of a mining claim on which an old tunnel had been run many years before, who cleaned out the tunnel for a distance of about thirty feet, and who drove the tunnel ahead five or six feet, and who thereby removed several times the quantity of earth or rock necessary to do work in new ground for the construction of a shaft or cut equivalent to a shaft, performed the statutory discovery work.

APPEAL from the District Court of the Fifth Judicial District of the State of Nevada, Nye County; *J. P. O'Brien,* Judge.

Action by Sutherland Murray and another against Charles H. Osborne and another. From a judgment for plaintiffs, defendants appeal. **Affirmed.**

## STATEMENT OF FACTS

An understanding of the facts of the main issues involved and the conclusions of the trial court may be

obtained from the following extract from the opinion of the district judge:

"This action was brought to recover possession of and to enjoin defendants from trespassing upon the Juanita and Juanita No. 1 mining claims, situate in the old Spanish Belt, in this county and state. The plaintiffs allege in their complaint that ever since May 5, 1906, they have been the owners of and in possession of this ground, and that on or about November 15, 1907, the defendants wrongfully entered upon the same and commenced mining thereon, and extracting and removing therefrom quantities of gold and silver-bearing quartz, and that they extracted ores therefrom of the value of $2,000. And the plaintiffs pray that they be adjudged to be the owners and entitled to the possession of said premises, and that the defendants be enjoined and restrained from extracting or removing any of the minerals therefrom, and for damages in the sum of $5,000, and for general relief. The defendants, by their answer, deny all of the allegations of the complaint, and affirmatively allege that on or about September 5, 1907, they located the premises in controversy under the name of the 'Combination mining claim,' and allege that they entered into possession thereof under and by virtue of this location.

"They also allege that whatever rights the plaintiffs may have had to the ground were lost and forfeited through their failure to mark the boundaries, and to perform the requisite amount of discovery work in accordance with the statute in that behalf. Practically all of the testimony was directed to the failure of the plaintiffs to perform the discovery work upon the Juanita claim, and there seems to be no doubt but that all of the acts of location were performed upon the Juanita No. 1 mining claim. It will be unnecessary, therefore, to consider in detail the sufficiency of the acts of location upon the Juanita No. 1 mining claim, and I will therefore direct my observations entirely to the Juanita claim. The evidence shows without conflict that an old tunnel was run upon

the Juanita claim about forty years ago, but the evidence
does not disclose by whom this work was done, or whether
the parties who did it acquired any right or title to the
ground or not. A number of witnesses were called by
the plaintiffs who testified positively that the plaintiffs
performed the necessary amount of discovery work upon
the Juanita claim, and that this work consisted of clean-
ing out for a distance of about fifteen feet the approach
to the old tunnel, and of cleaning out the old tunnel for
a distance of about thirty feet, and also of driving the
tunnel ahead; that is to say, extending the old tunnel a
distance of five or six feet.

"On the other hand, many witnesses were called on
behalf of the defendants who testified with equal posi-
tiveness that they had visited the ground prior to and
subsequent to the location of the Juanita claim, and that
this work had not been done. It is perfectly obvious
that some of these witnesses must be mistaken, to say
the least, because the testimony given by the witnesses
on one side cannot, upon any possible theory of reasoning,
be reconciled with that given by the witnesses for the
other side. There is no inflexible rule by which the court
can be guided in determining the weight to be given to
the testimony of any witness or set of witnesses, and
each case must of necessity be determined upon its own
peculiar facts. There are, however, in the present case
many concomitant circumstances which appeal to the
court, and which assist it in some degree in reaching a
conclusion.

"In the first place, several witnesses testified that
Tyndal Phipps and F. Jacobs located the Juanita claim
on May 5, 1906, and within the time required by law
they marked the boundaries and performed the requisite
amount of discovery work, and did all the other acts of
location which the law requires. The evidence also shows
without conflict that Sutherland Murray purchased a
half interest in the Juanita claim from Tyndal Phipps
for $300, and that, before completing the purchase, he
visited the property and saw that the discovery work had

been done. Considerable testimony was introduced in behalf of the defendants which tends to show that no work whatever was performed upon the Juanita claim; still I cannot say that this testimony is of sufficient probative value to overcome the direct and positive testimony introduced in behalf of the plaintiffs that the work was actually done. The evidence also shows that the roof of the tunnel is caving ground, and that a portion of it caved after this discovery work was done. It is possible, therefore, that after Phipps and Jacobs performed the discovery work, as they testified they did, a part of the roof of the tunnel may have caved and partly filled up the tunnel, and that the defendants' witnesses who visited the ground months afterwards may have seen the tunnel partly filled up and concluded from this that no change had been made in the tunnel, and that no work had been done therein. But, be that as it may, a number of reputable and disinterested witnesses testified that the work was actually performed, and this testimony established a *prima facie* case in favor of the plaintiffs, and the testimony introduced in behalf of the defendants is not in my judgment sufficient to overcome it.

"In the next place, it is conceded that the plaintiffs were as between the parties to this controversy the first to make a discovery and the first to initiate a right to the ground. The Juanita claim was located nearly eighteen months before the defendants went upon the premises or asserted any right thereto. The plaintiffs and their predecessors in interest, being the first to make a discovery and the first to initiate a claim to the ground, have a superior right to all others, unless they forfeited this right by their failure to comply with the law governing the location of mining claims. The question of discovery is one of the essential prerequisites to a right to mining ground, and the first discoverer is in all countries and at all times entitled to a consideration and reward that is not accorded to those who go upon the ground afterwards and seek to profit by his discovery." (Quotes

from *Lawson* v. *United States Mining Company*, 207 U. S. 13, 28 Sup. Ct. 19, 52 L. Ed. 65.)

*McIntosh & Cooke,* for Appellants:

The court also erred in refusing to make defendants' demanded conclusion of law that such work was insufficient under the law. (*Sisson* v. *Sommers,* 24 Nev. 379; Comp. Laws, 214; *Ingemarson* v. *Coffey,* 92 Pac. 908; *Armstrong* v. *Lower,* 6 Colo. 393; *Little Gunnel M. Co.* v. *Kimber,* 1 Mor. Mg. R. 5; 1 Lindley on Mines, 344, and cases cited; Stats. 1907, p. 418, 419.)

The six feet of new work claimed by plaintiffs to have been done in the old tunnel is clearly insufficient. Conceding they did this six feet, they claim further that they cleaned out old tunnel by moving approximately 1,000 cubic feet of dirt, debris, etc., from the old tunnel. This dirt was caved matter fallen in from roof and sides of tunnel and lay on floor of tunnel. The contention that cleaning out loose dirt, debris, etc., out of old tunnel can be considered as location or discovery work, either in full or in part, is unfounded in law and fallacious in reason. If such cleaning out is good as discovery work, then drawing ten feet of water from bottom of old shaft would be equally so, or cleaning out ten feet of mud or slime, or, if old shaft was filled ten feet with straw or manure, cleaning that out would be good discovery work, and in none of which cases would there be a single inch of new work and absolutely no development of mineral resources, and viciously violative of both letter and spirit of whole body of mining legislation, both state and federal, which aims to obtain reasonable development of mineral resources, and to compel discoverer and claimant to manifest his good faith. (1 Lindley on Mines, 344; *Butte Con. M. Co.* v. *Barker,* 89 Pac. 302, 90 Pac. 177.)

The failure of plaintiffs to do the full ten feet of new work was a violation of the statute and no legal location of the alleged Juanita was ever effected by them. (*Mallett* v. *Uncle Sam Co.,* 1 Nev. 188; *Oreamuno* v. *Uncle*

*Sam Co.,* 1 Nev. 215; Comp. Laws, 214; Stats. 1907, p. 419; *Butte M. Co.* v. *Barker,* 89 Pac. 302, 90 Pac. 177.)

The point that, because plaintiffs did not in their notice or certificate of location designate the Juanita as a "relocation" or refer to ground as abandoned ground, therefore section 214 is inapplicable, cannot be maintained, because plaintiffs, by electing to do their location work in the old workings and so obtain for themselves the benefit of that old work, have brought themselves within the purview of the statute requiring the old workings to be extended at least ten feet further than it was at the time of their location, and therefore the five or six feet of new work done as claimed by plaintiffs is insufficient in law. On the general point herein discussed, we cite *Erhart* v. *Boara,* 113 U. S. 527; Barr. & A. on Mines, 300; *Nash* v. *McNamara,* 30 Nev. 114.

The so-called findings of fact made by the court herein are naked conclusions of law. Defendants seasonably asked to have them corrected in lower court and court refused, and we have a right to a reversal upon this ground. (*Langworthy* v. *Coleman,* 18 Nev. 440; *Booth* v. *Bank,* 98 Pac. 509; *Anthony* v. *Jillson,* 23 Pac. 419, and cases cited.)

The alleged findings do not cover all the material issues in the case. In such case the judgment based thereon is a "decision against law" which can be successfully assailed on motion for new trial, or on appeal from order denying a new trial. (*Urlamb* v. *McMahon,* 97 Pac. 784; *Aydelotte* v. *Billing,* 97 Pac. 698; *Knight* v. *Roche,* 90 Cal. 163; *Kaiser* v. *Datto,* 140 Cal. 167; *Kusel* v. *Kusel,* 147 Cal. 52.)

*Bartlett, Thatcher & Gibbons* and *J. A. Sanders,* for Respondents:

Appellants make the statement that Jaunita was a relocation of an abandoned lode, and that the court erred in not making a demanded finding to that effect. To this we cannot agree. There is not a scintilla of evidence in the record to show that the Juanita was for-

merly held as a mining location, the only evidence in
connection therewith being that there were some old
tunnels upon the ground.

A relocation presumes a prior valid location, which
has become forfeited or abandoned. (*Zerres* v. *Vanina,*
134 Fed. 610.) And there is no evidence of a valid or
even of an attempted location of the ground. Counsel
cited in support thereof section 214 of Compiled Laws,
but the last sentence of that act particularly states "If
it is not known to the relocator that his location is on an
abandoned claim, then the provisions of this section do
not apply." And there is no evidence in the record to
show that the relocators of the Juanita knew that the
ground was abandoned ground.

This brings us to the contention of counsel for the
appellants, and the one most seriously urged by them,
that the discovery work was insufficient. It is found by
the lower court and admitted by appellants (at least for
the purposes of this argument) that the work consisted
in cleaning out: (1) Approach and cut of the old tun-
nel for a distance of fifteen feet; (2) Cleaning out the
old tunnel itself for a distance of about thirty feet;
(3) Running the tunnel ahead, new work, six feet;
(4) That the tunnel crosscut the ledge, and at its face
as extended exposed the vein at a depth of twenty-five
feet below the surface; that in all about 1,000 cubic feet
of earth was removed. Appellants have cited numerous
cases to support their contention that such work was
insufficient as discovery work, and likewise counsel cited
Stats. 1907, p. 419, and an examination of appellants'
authorities discloses the fact that they have about the
same amount of bearing upon the case as has reference
to Stats. 1907. The Juanita claim having been located
in 1906, Stats. 1907 with reference to discovery work
cannot affect the Juanita location.

The purpose of location work, as stated in *Butte Con.
M. Co.* v. *Barker,* 89 Pac. 303, is "the requirement that a
shaft be sunk upon the claim ten feet or deeper, if neces-
sary to disclose a well-defined crevice or valuable deposit,

or the doing of the work which is declared to be equivalent, has a double purpose in view: (1) To demonstrate to a reasonable degree of certainty that the deposit sought to be located is in fact a vein of quartz or other rock in place; (2) To compel the discoverer to manifest his intention to claim the ground in good faith under the mining laws."

And respondents respectfully submit that they have met both of the requirements laid down under that rule. Appellants' cut on the Juanita cut the vein at depth of more than twenty-five feet, and certainly respondents by excavating and removing 1,000 cubic feet of earth and debris from the tunnel have met the requirements of good faith. Appellants contend that no part of the work done in the old cut or tunnel can be counted except the six feet of new work, and that that is insufficient. To this we cannot subscribe, but admitting for the purpose of this argument that only the six feet of new work count as discovery work, we still contend that that would be all that would be necessary, to wit: the driving of the tunnel six feet and disclosing the vein at a depth of twenty-five feet, and we believe that a comparison of the various statutes of Nevada defining discovery work cannot but lead to the same conclusion.

By the act of 1897 (Comp. Laws, 209) no particular dimensions were required, except that in case the discovery work was a shaft it must be ten feet deep; in the case of crosscut or tunnel it must cut the ledge at a depth of ten feet; and in case of an open cut it must expose the ledge along its course or strike a distance of ten feet. By the act of 1901 (Stats. 1901, p. 97) the act of 1897 was amended, but only with reference to the dimensions of the open cut, which were given the specific requirement of being equivalent to a shaft 4x9x10, but no additional requirements were made in the case of a shaft or crosscut or tunnel. By the act of 1907 the act was again amended, and this time required particular dimensions of the shaft, that it be 4x6 and 10 feet deep; that the open cut be equivalent to a shaft 4x6 and 10

feet deep, but made no change and prescribed no further condition with reference to tunnels and crosscuts, the only requirements being, as under the previous acts, that it cut the vein at a depth of ten feet, clearly showing that the main purpose of the legislature in prescribing the character of discovery work was to require the opening of the vein to a depth of ten feet, and for the reason that such development is necessary to determine whether the discovery is or is not a vein or lode.

As to what has been construed by the courts to be sufficient discovery work we refer this court to *Brewster* v. *Shoemaker,* 63 Pac. 309; *Gray* v. *Truby,* 6 Colo. 278; *Development Co.* v. *Van Auken,* 9 Colo. 204.

Both Phipps and Jacobs testified that they discovered the ledge on the Juanita about the 1st of May, 1906; and that they discovered mineral-bearing rock in the ledge, both on the surface and where exposed in the old tunnel, and this is corroborated by the fact that defendants' discovery was made upon the same ledge and in the discovery tunnel of the plaintiffs (testimony of Osborne) ; and the notices of location of both the Juanita and the Combination were posted at or near the same ledge and within thirty feet of one another, according to the testimony of Williams and Osborne. This being the admitted fact, there can be no question as to the plaintiffs' discovery. (*Fox v. Meyers,* 86 Pac. 793.)

By the Court, TALBOT, J. (after referring as above to the recited part of the opinion of the district judge):

On behalf of appellant, it is uged that the evidence does not support the findings or judgment, which was rendered in favor of respondents and plaintiffs; that the court erred in refusing to make certain specific fiindings of fact submitted and requested by appellant in lieu of the findings of the court which were mere conclusions of law; that the Juanita notice was defective because it did not refer to that claim as a relocation of the ground; and that, under the plaintiffs' own testimony, they cannot maintain the location of their mining claims, and are

not entitled to judgment because they failed to do the amount of location work required by the statute in new ground in addition to the removal by them of dirt which had caved in the old cut and tunnel where the work according to plaintiffs' witnesses was performed.

Particular objection on the ground that it is a conclusion of law is made to finding No. 1, "that on the 5th day of May, 1908, plaintiffs by or through their grantors and predecessors in interest were, and ever since have been, the owners in possession and entitled to possession of the Juanita and Juanita No. 1 mining claims." It is clear from the allegations, proofs, other findings, and judge's opinion that the use of the figure 8 was a clerical mistake, and that the year 1906 was intended. If this finding stood alone, appellants, upon request and petition within five days after the rendering of the judgment, as was done, would have been entitled to a finding detailing the facts regarding the posting of notices, the marking of boundaries, and the doing of the location work upon the claims. After referring to these locations as having been made by the locators on May 5, 1906, it is stated in finding No. 10: "That said locations Juanita and Juanita No. 1 were and each of them was made and perfected as by law required. That notices of said claims, to wit, Juanita and Juanita No. 1, were posted on the ground located. That the discovery work required by law was done upon said locations, to wit, Juanita and Juanita No. 1, within the time required by law by the locators of said claims. That each of said claims, to wit, Juanita and Juanita No. 1, was monumented, and the boundaries thereof defined by monuments within the time required by law therefor."

Appellants say that it is important to them to have a finding showing the amount of new work, the number of feet, and the place where it was done, for they are proceeding on the theory that ten linear feet of new work was not performed in the tunnel by the plaintiffs, and that new work to this extent was necessary to perfect the plaintiffs' location. Taking the statement in the

findings quoted and the one in the opinion of the district
judge that the cut at the entrance to the tunnel for a
distance of about fifteen feet and the tunnel for a length
of about thirty feet had been cleared of dirt which had
caved until it was about as high as the tunnel in places,
and that the tunnel had been extended five or six feet, it
is clear that the district judge concluded that the tunnel
had been extended only five or six linear feet, and that
this extension, in addition to the removal of the earth
which had caved in the cut and tunnel for a distance of
about forty-five feet, was sufficient location work on the
Juanita. Under our practice, when findings are not
made or requested, any findings necessary to support the
.judgment are presumed. In view of the position taken
by the appellants, it is important here to have a finding,
or have it appear, that the amount of work required by
the statute had not been done in new ground. But as it
is apparent to this court from the other findings and the
opinion of the district judge that he acted on the theory
that the work had not been so done, this court is in a
position to determine whether as a matter of law the
failure to do all the work on new ground would forfeit
the claim as fully as if such a finding had been made, and
consequently no injury results to the appellants. As
between the testimony of the witnesses for the plaintiff
that the cut and tunnel had been cleared out and the tun-
nel extended five or six feet, and the testimony of numer-
ous witnesses for the defense that they had been on the
ground before and after the time that this work was
claimed to have been done, and that it had not been per-
formed, and that the caved earth and growing sagebrush
remained in the cut and tunnel, it was the exclusive
province of the district court, acting without a jury, to
determine. Considering the sharp conflict in the testi-
mony, statements in the opinion, and the time the case
was held under advisement, it would seem that the court
did not arrive at a conclusion regarding the facts with-
out some difficulty and doubt.

As often held, we cannot disturb the findings of the

district court when they are sustained by any substantial evidence. (*State* v. *Buralli*, 27 Nev. 56.) As it appears from the opinion of the district judge that the tunnel was extended only five or six feet by the plaintiffs, and there is no evidence to indicate that it was extended further, was such extension in addition to the cleaning out of the cut for fifteen feet and of the tunnel for thirty feet, as determined by the trial judge under the conflicting testimony, sufficient location work to meet the requirements of the statute in force at the time the Juanitas were located? Section 209, Comp. Laws, as amended in 1901 (p. 97, c. 93), directs: "Before the expiration of ninety days from the posting of such notice upon the claim the locator must sink a discovery shaft upon the claim located to the depth of at least ten feet from the lowest part of the rim of such shaft at the surface, or deeper if necessary to show by such work a lode deposit of mineral in place. A cut or crosscut, or tunnel, which cuts the lode at a depth of ten feet, or an open cut along the ledge or lode equivalent in size to a shaft four feet by six feet by ten feet deep, is equivalent to a discovery shaft."

Section 214 provides: "The relocation of abandoned lode claims shall be by sinking a new discovery shaft and fixing new boundaries in the same manner as if it were the location of a new claim; or the relocator may sink the original discovery shaft ten feet deeper than it was at the time of abandonment, in which case the record must give the depth and dimensions of the original discovery shaft at the date of such relocation, and erect new or adopt the old boundaries, renewing the posts or monuments if removed or destroyed. In either case a new location stake shall be erected. In any case, whether the whole or part of an abandoned claim is taken, the record may state that the whole or any part of the new location is located as abandoned property. If it is not known to the relocator that his location is on an abandoned claim, then the provisions of this section do not apply."

It is argued for appellants that, if the extension of the tunnel for less than ten linear feet was sufficient to make a location good, the amount of earth required to be removed could be reduced to one shovelful. But, if it be conceded that the extension of the tunnel for a distance of six feet would not be sufficient, it remains for us to determine whether plaintiffs were entitled to credit for removing the caved dirt from the cut and tunnel which, according to the evidence, may have been made thirty or forty years previously, and possibly before the laws now controlling the location of mining claims were in force. If, after such a long period, the earth which had been caved and packed may not be considered in the nature of new ground, still if the locators removed several times the quantity of earth or rock defined by the statute and more than the equivalent of the labor necessary to do work in new ground, and this work was done in connection with the extension of the tunnel on the ledge and apparently all to the best advantage for the development of the mine and in good faith, we believe that was sufficient.

The extension of the tunnel for five or six feet amounted to one-half or more of the 240 cubic feet of earth required by the statute to be excavated, and if, as testified by witnesses for the plaintiff, about 1,000 cubic feet was taken out of the tunnel, this necessarily resulted in the removal by the plaintiffs of several times the quantity of earth required to be excavated in new ground and apparently more than the equivalent of the work which would have been required if it had been in new ground, and this work, including the extension of the tunnel, was as much or more for the benefit of the claim, and was a compliance with both the letter and the spirit of the statute.

There is no evidence indicating whether any location had been made, noticed, or staked on the ground at the time the tunnel was first constructed, and it does not appear that the locators of the Juanitas knew that the ground had been covered by an abandoned claim, or that they were aware of monuments or boundaries which

would have made it possible for them ·to describe a part or all of the ground as being abandoned. Under these circumstances, and under the provision in section 214, Comp. Laws, that in any case where the whole or part of an abandoned claim is taken the record may state that all or part of the new location is on abandoned property, and, if it is not known to the locators that the location is on an abandoned claim, the provisions of that section do not apply, the certificate was not defective for failing to state that the location was made on abandoned ground　It has been held that such a statement acts as an estoppel, and prevents the locator making it from denying that the abandoned location had been properly made. Ordinarily forfeitures are not favored, and a very strict or severe construction ought not to be placed on the statute when the prior locators have proceeded in good faith and apparently have done all that is required by a fair construction of the laws relating to mining locations.

We acknowledge that the carefully prepared and indexed brief of appellants, giving correctly the purport of the conflicting testimony of the various witnesses, with reference to the numbers in the 1100-page transcript, has saved time and been of material assistance to the court.

The judgment is affirmed.