[No. 1883]

## RAWHIDE BALLOON FRACTION MINING COMPANY (a Corporation), Appellant, *v.* THE RAWHIDE COALITION MINES COMPANY (a Corporation), Respondent.

1. APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.
    Where there is a material conflict in the testimony, the decision of the trial court will be deemed conclusive on appeal.
2. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    In an action tried by the court without a jury, the erroneous admission of certain documents in evidence is not ground for reversal, where it appears that the court did not give weight thereto as being *prima facie* evidence, but rested its conclusion on the testimony of the witnesses.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Theron Stevens,* Judge.

Action by the Rawhide Balloon Fraction Mining Company against the Rawhide Coalition Mines Company. Judgment for defendant, and plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Alfred R. Needles,* for Appellant.

*Stevens, Shelton & Van Pelt,* and *Walter Shelton,* for Respondent.

*Per Curiam:*

This is an adverse suit, prosecuted by the appellant against respondent for the purpose of determining the right to the possession of the ground included in what is known as the "Rawhide Fraction lode mining claim," to the extent that the same is in conflict with the Happy Day lode mining claim. The error in conflict is 1.09 acres, which is claimed by the respondent to be a part of the Happy Day claim. From the judgment, and from an order denying a motion for new trial, the plaintiff has appealed.

The case was tried by the court sitting without a jury, a jury having been expressly waived. At the outset of

the trial, it was stipulated that each of the parties to the suit made a discovery which would be sufficient to sustain a claim of unoccupied public domain, and each did the proper amount of location work and monumented its boundaries in the manner prescribed by law; but as to the location of the monuments on each claim in controversy, it was left a question for the court to decide. It was also conceded that the Happy Day was a prior location, and the only point at issue was whether the respondent and its grantors had done all the necessary acts to constitute a valid location of the ground in conflict. The only material question in controversy was as to the location of certain monuments of the Happy Day lode mining claim at the time appellant undertook to institute his right to the Balloon Fraction lode. Upon this point there is a material conflict in the testimony, and under the rule repeatedly affirmed by this court the decision of the lower court upon such conflict will be deemed conclusive.

It is contended, however, that the trial court erred in the admission in evidence of the location certificate and two amended location certificates of the said Happy Day claim. We need not determine, we think, whether or not there was merit in the objections interposed to the certificate of location and amended certificates of the Happy Day claim, for the reason that it appears that the court determined the question of the location of the monuments in controversy upon the testimony of the witnesses upon the trial, irrespective of the certificate of location and the amendment thereto. Had this case been tried by jury, the question whether or not these certificates were erroneously admitted would, of course, be a serious question, and, if deemed erroneous, would doubtless be sufficient ground for reversal. In a case, however, tried before the court, where it appears that the court did not give weight to the certificates as being *prima facie* evidence, but rested its conclusion upon the testimony of the witnesses, we are of the opinion that, if error occurred in the admission of the certificate of location, or the amend-

ments thereof, the same did not amount to prejudicial or reversible error.

The judgment and order appealed from are affirmed.