[No. 2239]

## CHARLES CAREY, RESPONDENT, *v.* GEORGE H. CLARK, APPELLANT.

[161 Pac. 713]

1. BOUNDARIES—LAND CONVEYED—COURSES AND DISTANCES—"PERMANENT MONUMENT."

It is a fundamental rule in construing conveyances that courses and distances give way to permanent monuments, and the northerly side line of a street, extended, is in effect a "permanent monument."

2. REFORMATION OF INSTRUMENTS—BURDEN OF PROOF.

In suit to quiet title against defendant claiming under a conveyance which he prayed to have reformed to comply with plaintiff's agreement to convey, alleged in the answer, the burden of proof was on the defendant to establish his contention as to the description of the property intended to be conveyed by virtue of the original agreement.

3. APPEAL AND ERROR—REVIEW—FINDINGS ON CONFLICTING EVIDENCE.

Where the evidence was conflicting, and there was substantial evidence to support the decision of the trial court, the supreme court cannot disturb the findings.

4. DEEDS—CONSTRUCTION BY PARTIES.

In suit to quiet title against a defendant who sought reformation of his deed to comply with plaintiff's agreement to convey, alleged in the answer, where the parties themselves had construed an ambiguous provision of the agreement, the trial court properly refused to sustain the defendant's contention contrary thereto.

5. TRIAL—PROVINCE OF COURT—DETERMINATION OF FACTS FROM CONFLICTING TESTIMONY.

Where the testimony of defendant and his witnesses was controverted by plaintiff's witnesses, it was the exclusive province of the court below to determine the facts from the conflicting testimony.

6. EVIDENCE—CONTROL OF TESTIMONY BY PHYSICAL FACTS.

Physical facts will control testimony.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker,* Judge.

Suit by Charles Carey against George H. Clark. From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals. **Judgment and order affirmed.**

*R. Gilray,* for Appellant:

Failure to convey all of the land described in an agreement, even though a portion thereof was conveyed,

would be as much a failure to comply with the terms of the contract as though no part of the land had been conveyed. "A court of equity will, in the exercise of its acknowledged jurisdiction, afford relief by compelling the delinquent party to perform his undertaking according to its terms and the manifest intention of the parties." (*Walden* v. *Skinner*, 101 U. S. 577, 25 L. Ed. 963.)

Appellant had by his affirmative answer set up mistake and inadvertence as a defense to the action, and prayed for a decree reforming the deed, to make it conform to the original agreement and the true intention of the parties. That he was entitled to this relief, is fundamental. (*Home Co.* v. *Frietas*, 153 Cal. 680, 96 Pac. 308; *Laufer* v. *Moppins*, 44 Tex. 472, 99 S. W. 109; *Field* v. *Clayton*, 117 Ala. 538, 67 Am. St. Rep. 189; *Flynn* v. *Finch*, 157 Iowa, 378, 114 N. W. 1058; *Butler* v. *Threlkeld*, 117 Iowa, 116, 90 N. W. 584; *Conner* v. *Baxter*, 124 Iowa, 99 N. W. 726; *Beal* v. *Martin*, 48 Neb. 479; *Henderson* v. *McKernan*, 151 Ill. 273, 37 N. E. 867; *Walden* v. *Skinner*, *supra;* *Perkins* v. *Herring*, 110 Va. 822; 19 Am. & Eng. Ann. Cas. 342, and cases cited in note thereto; *Sullivan* v. *Moorehead*, 99 Cal. 157, 33 Pac. 796.)

*Salter & Robins*, for Respondent:

The testimony shows, and the lower court found it to be true, that there is no mistake in the deed; that it gives to the appellant all that the agreement allowed. A reformation is asked on the ground of mutual mistake. There is no evidence that respondent made a mistake. Even if it be admitted that there is evidence of mistake, is it clearly made out by proofs entirely satisfactory, and is there nothing short of a clear and convincing state of facts showing the mistake? If not, the judgment of the lower court must be affirmed. (19 Ann. Cas. 344, 350.) The judgment of the lower court is based on conflicting evidence. (*Palmer* v. *Culverwell*, 24 Nev. 114; *Wilson* v. *Wilson*, 23 Nev. 267.)

By the Court, Norcross, C. J.:

Respondent brought suit against appellant in the court below to quiet title to a certain parcel of land in the town

of Winnemucca. Appellant, in his answer, denied certain of the material allegations in the complaint and, for a further defense and by way of cross-complaint, alleged mutual mistake in the description contained in a certain deed made by the respondent as grantor to the appellant as grantee, which alleged mistaken description was relied upon by respondent in support of his alleged cause of action. Appellant prayed for reformation of the said deed to comply with the agreement alleged in the answer. Judgment was for the plaintiff. From the judgment and from an order denying a motion for a new trial, defendant has appealed.

From the evidence it appears that on the 12th day of December, 1911, an agreement in writing was entered into between the plaintiff and the defendant, whereby the plaintiff agreed to convey to defendant by good and sufficient deed the following-described premises:

"Fronting sixty-four feet on the extension of Bridge Street to the Humboldt River on the northeasterly side of said extension, extending back from said extension of Bridge Street, between parallel lines one hundred and twenty-five feet, the four corners of said piece of ground to be designated and marked by permanent posts by the parties hereto."

Shortly after the making of the said agreement of December 12, 1911, the parties marked the boundaries of the land intended to be conveyed pursuant to said agreement. It appears that the corners were designated by small stakes rather than by "permanent posts." Several months later, on the 27th day of March, 1912, plaintiff made and executed a deed in pursuance of said prior agreement and delivered the same to the defendant, and it is this deed which defendant alleges, by reason of mutual mistake, does not comply with the terms of the agreement. The diagram (p. 154) shows the premises which the plaintiff contended was conveyed by the deed of March 27, 1912, and the premises which the defendant contends should have been conveyed by said deed and which he asks that the deed be reformed to convey. The

Scale: 1 inch = 40 feet.

land which the plaintiff contends was conveyed by the said deed is marked on the diagram by the lines 1, 2, 3, 4. The land which the defendant contends should have been conveyed is marked by the lines a, b, c, d.

**1.** By the description contained in the deed in question, the center of the center pier of a concrete bridge spanning the Humboldt River was used as a starting-point for determining the corners of the land which the deed purports to convey. It is clear that there is an error in the description of the starting-point which should have been the northerly end of the pier. As it is a fundamental rule in construing conveyances that courses and distances give way to permanent monuments, and as the northerly side line of Bridge Street extended is, in effect, a permanent monument, the misdescription in the deed, to this extent, is immaterial.

**2, 3.** The burden of proof was on the defendant to establish his contention as to the description of the property intended to be conveyed by virtue of the original agreement. The defendant submitted testimony to establish the fact that the alleged corner "a," marked upon the diagram, was fixed by a stake driven in the ground at the time plaintiff and defendant fixed the boundaries of the land to be subsequently conveyed by deed. Plaintiff in his testimony denied that the stake was fixed at this point. Upon the contrary, that it was fixed several feet farther to the west on the northerly side line of Bridge Street, extended, near the then bank of the Humboldt River; that the point where the stake was originally fixed had become eroded away. The evidence was conflicting as to all of the corners which the defendant contends were the corners fixed by the parties to the original agreement. The court found in favor of the plaintiff upon all of the issues. As the evidence was conflicting, this court, upon an established principle of appellate procedure too well settled to require a citation of authorities, cannot disturb the findings where the evidence is simply conflicting and where there is substantial evidence to support the decision of the court below.

**4.** It is the contention of counsel that the land should extend back from the extension of Bridge Street "between parallel lines 125 feet"; that the depth of the lot in question should be 125 feet, measured upon a line at right angles from the northerly side line of Bridge Street extended. This portion of the agreement may be regarded as ambiguous. Counsel for respondent contends that the meaning of this provision was simply that the side lines should be parallel and 125 feet in length. There is some evidence in the case that both parties construed this provision of the agreement to be in accordance with the contention of the respondent. The deed itself describes the side lines as being 125 feet in length. No objection to this description was interposed by the defendant for a long time after his receipt of the deed in question. It appears, also, that defendant constructed a temporary fence along what he supposed was the northerly and easterly side lines of the land in question. The side line of the fence so constructed was substantially 125 feet in length. The parties themselves having placed a construction upon the meaning of this provision of the agreement, we think the court below did not err in refusing to sustain this latter contention of defendant.

The description in the deed is of a rectangular tract, the end lines of which are one hundred feet in length, while the agreement called for only sixty-five feet fronting on the extension of Bridge Street. No particular point is made of this description, however, as the controversy was entirely over the situation and length of the true easterly side line as designated on the ground by the parties shortly after the agreement to convey was entered into.

**5.** Counsel for respondent do not question the law contended for by counsel for appellant as applied to a state of facts as testified to by the defendant and his witnesses. However, as the testimony of defendant and his witnesses was controverted by the witnesses for the plaintiff, it was the exclusive province of the

court below to determine the facts from the conflicting testimony.

**6.** Counsel for appellant has contended that plaintiff's testimony is contrary to the physical facts. If this were clearly so, the physical facts would be controlling. There is evidence, however, that the river bank has changed by reason of erosion, and, hence, that the physical facts were not the same at the time of the trial as at the time of the agreement.

There appears to be no material questions in this case other than controverted questions of fact. The evidence is conflicting, and we cannot say the judgment is not without substantial evidence to support it.

The judgment and order are affirmed.