[No. 2329]

## ALLEN CLARK COMPANY (a Corporation), Appellant, *v.* SPIRO FRANCOVICH, Respondent. RAY J. COOL, ARTHUR E. HAMMOND, GEORGE J. CLARK, and EDITH G. CLARK, Interveners, Respondents.

[176 Pac. 259]

1. APPEAL AND ERROR—REVIEW—FINDINGS—CONFLICTING EVIDENCE.
   The supreme court will not disturb a finding of the lower court based upon conflicting evidence.

2. PARTIES—PETITION IN INTERVENTION.
   A petition in intervention must be treated the same as a complaint.

3. PLEADING—LEGAL CONCLUSIONS.
   An allegation "that the said plaintiff has no right, claim, or title to the said painting or picture, and is not entitled to the ownership or possession of the same." is a conclusion of law.

4. REPLEVIN—OWNERSHIP—TRANSFERS.
   Deed whereby heir conveyed all the interest "he may now hold" or "may now have" in the estate was insufficient to establish ownership in grantees of his interest in a picture which constituted part of estate, where prior thereto he had conveyed to third party all his right, title, and interest to all property which he had received, or which he was to receive, from the estate.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Allen Clark Company against Spiro Francovich, in which Ray J. Cool and others intervene. From a judgment for interveners and from an order denying motion for a new trial, plaintiff appeals. **Judgment reversed and cause remanded,** and order vacating judgment against defendant for costs **affirmed.**

*O. H. Mack,* for Appellant:

The court erred in allowing and ordering the interveners to file their petition and complaint in intervention. They should have instituted an action in replevin. Third parties cannot intervene in an action where the rights of plaintiff and defendant can be litigated fully and completely without such intervention. Buckley v. Buckley, 9 Nev. 373; Porter v. Slephano, 55 Cal. 559;

Baxter v. Day, 73 Wis. 27. The case at bar is one of law, pure and simple, and not an equity case. At common law a third party is not entitled to intervene in an action at law, but may in an equitable action. Am. & Eng. Ency. Law (1st Ed.), vol. 17, p. 633; Askew v. Carswell, 63 Ga. 162; Pierce v. Batten, 42 Pa. 924. Possession is primarily the gist of every replevin action. A complaint in intervention which does not allege that at the time the complaint is filed exclusive possession of the property is in the plaintiff is fatally defective and not entitled to be filed. Gardner v. Brown, 22 Nev. 156; Willis v. De Witt, 3 S. D. 281; Riciotto v. Clement, 29 Pac. 414; Fleming v. Howley, 4 Pac. 494. Interveners' complaint fails to comply with all the provisions of the statute in relation to replevin. Gardner v. Brown, supra; Paul v. Leutteral, 1 Cal. 317; Skinner v. Stouse, 4 Mo. 93; Leazard v. Wheeler, 22 Cal. 140; Redinger v. Jones, 75 Pac. 997.

The court erred in overruling plaintiff's demurrer to the complaint of the interveners. Rev. Laws, 5125; Gardner v. Brown, supra; Willis v. De Witt, supra; McCarthy v. Ackerman, 49 N. E. 153. The judgment is against the law, pleadings, and evidence in the case. Rev. Laws, 5269; Peacock v. Kirkland, 145 Pac. 281; Lamber v. McFarland, 2 Nev. 58; Brown v. Warren, 16 Nev. 228; Paroni v. Ellison, 14 Nev. 60; Brophy v. Brophy, 15 Nev. 110; Gruber v. Baker, 20 Nev. 485.

Defendant failed to answer within the time allowed by law. Burling v. Goodwin, 1 Nev. 341; Evans v. Cook, 11 Nev. 69; Ewing v. Jennings, 15 Nev. 314; Rev. Laws, 5043. Defendant did not file his notice and motion to strike out plaintiff's judgment and cost bill within the time required by law. Rev. Laws, 5387. The plaintiff should have a judgment against defendant for its costs and disbursements in the action.

*Robert Richards,* for Defendant-Respondent:

In due time defendant moved the court to vacate the judgment for costs and to strike the cost bill of plaintiff from the files. This motion was argued and submitted

and promptly granted. In this action plaintiff cannot recover costs unless he is the prevailing party, and therefore the court had no jurisdiction to enter such judgment for costs. Costs were not allowable at common law, their allowance being purely statutory. Rev. Laws, 5377, 5379, 5380. In fact, defendant was entitled to costs against plaintiff. Rev. Laws, 5379.

*Hoyt, Gibbons, French & Springmeyer,* for Interveners:

We do not care to go into the question of the admission and exclusion of testimony. As we view the case, it is entirely a question of construction of deeds and other instruments introduced in evidence, all of which are in the transcript.

By the Court, SANDERS, J.:

This is an action in claim and delivery. For convenience the parties will be referred to here as they actually stood in the court below.

Allen Clark Company, the plaintiff, alleges in its complaint that it is the owner and entitled to the possession of an oil painting, four by eight feet in size, situate in a certain saloon in the city of Reno, known as the "Wine House"; that the defendant, Spiro Francovich, wrongfully detains from plaintiff the possession of said property; that the alleged cause of the detention is that parties other than the defendant claim some interest therein; that its value is $400, and judgment is demanded for its possession or its value.

Ray J. Cool, A. E. Hammond, George J. Clark, and Edith G. Clark, before the trial of the cause, by court order were permitted to intervene in the action. Their complaint in intervention alleges that neither the plaintiff nor the defendant are entitled to the ownership or possession of the painting; that prior to the 26th day of February, 1917, the estate of A. J. Clark, deceased, was the owner and entitled to the possession of the painting; that said estate had not been fully closed, and that all the property of said estate had not been fully

distributed; that the interveners and one Allen L. Clark are the sole heirs of said estate; that on the 26th day of February, 1917, Allen L. Clark conveyed, assigned, transferred, set over, and delivered to the interveners, jointly, all the right, title, and interest he then had, jointly with interveners, in and to all the property, real and personal, distributed to him and the interveners as distributees of said estate, together with all interest he then had, jointly with interveners, in any undistributed property of said estate; that thereupon the interveners duly took possession of said painting, and still and now are the owners of and entitled to the possession thereof; that the value of the painting is $1,500, and they demand judgment for its possession or its value.

The defendant, Spiro Francovich, by his answer to these complaints, admits his possession of the painting, but disclaims any interest therein other than that set up by way of counter-claim, in substance and to the effect, that with the consent and permission of a prior administrator of said estate, on March 27, 1915, he took possession of the painting for the purpose of preserving the same; that he is entitled to judgment for the sum of $124 for the care and preservation of the painting in his possession.

For reply to the complaint in intervention the plaintiff set up that Allen L. Clark, by a deed dated the 29th of November, 1916, for a valuable consideration, sold and conveyed to plaintiff his interest in all the property, real and personal, both in law and in equity and inheritance, of the estate of A. J. Clark, deceased, together with the property in controversy; that the interveners, by deed dated the 23d of December, 1916, conveyed all of their right, title and interest in and to the painting to plaintiff's predecessors in interest, Roy J. Frisch and C. E. Mack, and by a mesne conveyance, dated the 1st of February, 1917, it became the owner of the painting and entitled to its possession.

The plaintiff demurred to the answer of Francovich upon the ground that it did not state a defense. The

demurrer was sustained. Upon the calling of the case for trial the default of Francovich for failure to answer over was duly made and entered, and in the course of the trial, on motion of the plaintiff, the court rendered judgment against Francovich for costs. The cause then proceeded to judgment upon the issues joined between the plaintiff and the interveners. The cause was tried without a jury. The court, in effect, found that all the allegations of the complaint in intervention were true, and all the affirmative defenses of plaintiff were untrue, and rendered judgment accordingly. The plaintiff, in due course, moved for a new trial, which was refused. The plaintiff appeals from the order denying its motion for a new trial and from the judgment.

The entire record is certified here in the form of a bill of exceptions, together with seventeen pages of assignments of error.

For a clearer understanding of the conclusions reached it will be necessary, at the expense of prolixity, to analyze the facts of the case.

A. J. Clark died intestate in October, 1913, seized and possessed of a large amount of real and personal property, situate in Washoe County, of the appraised value of nearly $200,000, leaving as his heirs at law the interveners in this action and one Allen L. Clark. On the 29th day of November, 1916, the estate had proceeded to the point of a final decree of distribution, distributing to each heir his or her proportionate part of the estate. The painting in question, however, was not included in the inventory and appraisal of the property of the deceased as an asset of said estate. Neither is it mentioned or referred to in the decree of distribution, or in any subsequent proceedings, unless it may be said to be affected by that particular clause of the decree which provides: "And any other property not now known or discovered which may belong to said estate, or in which said estate may have an interest, shall be distributed to the heirs in the same proportion." Subsequent to the entry of said decree of distribution, it appears that Allen L. Clark conveyed all of his interest

in the real and personal property of said estate he had theretofore received, and all that he might thereafter receive, to the plaintiff corporation.

1. For the purposes of this case, in the absence of any other evidence, it will be inferred that the corporation was organized for the purpose of taking over Allen L. Clark's interest, actual and contingent, in the estate of A. J. Clark, deceased. From the decree of distribution it appears that among the assets of the said estate was a property described therein as the Clarendon Hotel, situate in the city of Reno, which, for purposes of distribution, was valued at $50,000. Subsequent to the decree of distribution the interveners, by a conveyance dated the 19th of December, 1916, sold and conveyed to Roy J. Frisch and C. E. Mack their undivided three-fourths interest in said property; also "all of the personal property, consisting of furniture, bar fixtures, barroom fixtures, barber chairs, dining-room furniture, and all other personal property situate in the buildings on said lots belonging to the parties of the first part, or any other personal property that may have been removed and stored elsewhere belonging to said property, to the extent of an undivided three-fourths interest."

On the 1st of February, 1917, the said grantees conveyed the Clarendon Hotel property to the plaintiff corporation, together with "all of the personal property, consisting of furniture, bar fixtures, and all other personal property in the buildings on the above-described lots that belong to or are owned by the parties of the first part." The plaintiff company introduced in evidence the latter deeds for the purpose of showing its ownership and right to the possession of the painting in question, it being its contention that the granting clause of these two instruments carried the painting. It is manifest from the sweeping clauses of these conveyances that it was necessary to resort to evidence aliunde to support the contention. Testimony was offered and admitted to prove that at the time of the execution of the conveyance by the interveners to Frisch and Mack of their undivided interest in the Clarendon

Hotel property it was discussed by the contracting parties and expressly understood and agreed that the description of the personal property therein described included the oil painting in dispute. Evidence was adduced, equally as positive, on the part of interveners to show that such was not the fact. The court found, however, though not in express terms, that the painting was not included or intended to be embraced by the description, and that the title to the painting did not pass by either conveyance. This ruling is assigned as error. We decline to disturb this finding because of the universal rule that this court will not disturb a finding of the lower court based upon conflicting evidence.

2-4. But it does not follow, because the plaintiff failed to establish its right to the possession of the painting through these conveyances, that the interveners are the owners and entitled to its possession. The petition in intervention must be treated the same as a complaint. It alleges "that the said plaintiff has no right, claim, or title to the said painting or picture, and is not entitled to the ownership or possession of the same." This allegation is nothing more or less than a conclusion of law. The trial court's findings are in the exact language of the complaint in intervention. It found the allegation quoted to be true. The question to be determined is: Does the evidence support the finding? The only evidence adduced on the part of the interveners to show that they were the owners and entitled to the possession of the painting was the deed from Allen L. Clark to interveners, dated the 26th day of February, 1917. This deed, among other things, recites that the grantor, Allen L. Clark, conveys "any and all right, title, and interest he may *now hold* jointly with the said parties of the second part (interveners) in or to all property, real or personal, distributed to him and said parties of the second part as distributees of the estate of A. J. Clark, deceased, together with all interest he may *now have* in any undistributed property of said estate."

Because of the unusual language, "now hold" and "now have," employed in the granting clause quoted,

and in view of what follows, some significance must be attached to these expressions. It affirmatively appears from the record that on the 29th day of November, 1916, the same Allen L. Clark conveyed to the plaintiff company "all his right, title, and interest, both in equity and law and of inheritance, as son and heir of A. J. Clark, deceased, in and to all real and personal property that he has heretofore received from the estate of A. J. Clark, deceased, and all that he may hereafter receive, and be entitled to receive, as his portion of said estate." If the painting was an "undistributed" asset of the estate of A. J. Clark, deceased, as contended by the interveners, on February 26, 1917, the date of their deed, it was also such on November 29, 1916, the date of the plaintiff's deed. If the granting clause in the deed to interveners carried the painting, the granting clause in the deed to the plaintiff company also carried the painting. In this situation, with nothing before us but these conveyances unimpeached, we conclude that the interveners failed to establish their ownership and right to the possession of the painting.

It is argued that, as the plaintiff company joined with Clark in the deed to interveners, whatever interest it may have acquired in the painting by the deed of November 29, 1916, passed to the interveners. The weakness of this position is. that it affirmatively appears that the plaintiff company did not convey, or purport to convey, by this instrument, any property of any description whatever. By this deed the plaintiff company for the same consideration released the interveners, Roy J. Frisch and C. E. Mack, from the covenants of warranty contained in the respective conveyances hereinabove discussed.

It being conceded that the interveners had a three-fourths interest in the estate of A. J. Clark, deceased, and that Allen L. Clark had the remaining one-fourth, we are of the opinion that a one-fourth interest in the painting is in the plaintiff corporation, and the remaining three-fourths in the interveners.

The judgment adjudging the interveners to be the

owners and entitled to the possession of the painting is reversed and the cause remanded.

The order appealed from vacating the judgment for costs against the defendant, Spiro Francovich, is affirmed.