[No. 19337.  Department Two.  June 29, 1925.]

CHARLES GREEN, *Respondent,* v. W. T. POST *et al.,*
*Appellants.*[1]

CONTRACTS (100-1, 103)—CONSTRUCTION AND OPERATION—COMPEN-
SATION—BUILDING CONTRACTS—RIGHT TO EXTRA COMMISSIONS.  An in-
dependent contractor agreeing to do the plumbing for a building,
and superintend the work, and to be paid ten dollars a day, and
ten per cent of the cost of the materials, bought by him for the
owner, is not entitled to retain a five per cent commission on the
supplies purchased, under a secret agreement between himself and
the supply house furnishing the material.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered December 6, 1924,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract.  Modified.

*J. H. Gordon,* for appellants.

*G. P. Fishburne* and *Homer T. Bone,* for respondent.

MACKINTOSH, J.—The appellants were building an
apartment house and the respondent claims that he
entered into a contract with them to do the plumbing;
he to be paid ten dollars a day and to buy in his own
name all the materials to be used, superintend the
work, and to be paid for this ten per cent of the cost
of the work and material.  He brought an action
against the appellants based on this contract.  The
appellants, by their evidence on the trial, attempted to
establish a mere employment of the respondent to do
the plumbing work at the rate of ten dollars a day.
The jury was satisfied that the respondent's version of
the agreement between the parties was the correct one,
for it returned a verdict in his favor, and included in
that verdict an item of $1,288.05, arising from this

[1]Reported in 237 Pac. 307.

state of facts: the respondent would purchase the supplies and receive from the appellants the amounts of the bills, which he would pay to the supply house, and then from the supply house, under a secret agreement between them, he would receive a five per cent commission on the amount which he had just paid. By these means, instead of receiving just the ten per cent which he testified he was to receive from the appellants for his work of superintending and buying the supplies, etc., he received an additional five per cent.

In arguing for the elimination of this item from the verdict, the appellants cite authorities in support of the general rule that an agent cannot take advantage of his relationship with his principal so as to make a profit for himself in excess of what has been agreed upon, and that this rule applies even though the principal has not suffered any injury by reason of the agent's dealing. As we understand it, the respondent does not dispute the rule of law thus contended for, but seeks to avoid it by claiming that the relation of the respondent to the appellants was that of an independent contractor.

As we look at it, this is of no advantage to the respondent. An independent contractor and an agent engaging in business have each to observe the fundamental principles of honesty, and courts will not countenance such palpable dishonesty as that here practiced by the respondent. Assuming that he was an independent contractor, his agreement, according to his own contention, was that he was to do the work of superintendence, purchase supplies, etc., and receive ten per cent upon the cost; that meant the honest cost, not costs made up of secret rebates—the price actually received by the dealer.

The appellants raise other assignments of error, going to the reception and rejection of evidence and

the giving of instructions, but, as we view them, no one of them is sufficient to warrant the granting of a new trial. We think the only error of substantial merit is that previously discussed.

The jury having awarded recovery of an item of $1,288.05, based upon padded invoices, the judgment will be reduced in that amount and so modified will be affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and HOLCOMB, JJ., concur.