EDWARD FRIENDLY, Et Al., Appellants, *v.* A. L. LARSEN, Et Al., Etc., Respondents.

No. 3386

January 12, 1944.                    144 P. 2d 747.

*Milton B. Badt,* of Elko, for Appellants.

*McNamara & Robbins* and *A. L. Puccinelli,* all of Elko, for Respondents.

## OPINION

By the Court, ORR, C. J.:

Respondents were engaged by appellants to reconstruct a dwelling house, construct new buildings, and repair others, all situate upon what is known as the Sam McMullen ranch, in Elko County, Nevada. After the completion of the work a disagreement arose between the parties as to the amount due from appellants to respondents. Respondents filed a mechanic's lien against the said property, and later brought suit to foreclose it. The district court rendered judgment in favor of the respondents in the sum of $2,910.69, together with costs of suit and an attorney's fee in the sum of $750, which said judgment was declared to be a lien upon certain premises described therein.

This appeal presents, almost exclusively, questions of fact which have been resolved in favor of

respondents by the trial court, and, of course, the findings of the trial court will be sustained if there is any substantial evidence in the record supporting them. Round Mountain Min. Co. v. Round Mountain Sphinx Co., 35 Nev. 392, 129 P. 308; Murray v. Osborne, 33 Nev. 267, at page 277, 111 P. 31; Botsford v. Van Riper, 33 Nev. 156, 110 P. 705; Indiana N. M. Co. v. Gold Hills Co., 35 Nev. 158, 126 P. 965; McStay Supply Co. v. Stoddard, 35 Nev. 284, 132 P. 545; Girton v. Daniels, 35 Nev. 438, 129 P. 555; Rawhide Balloon F. M. Co. v. Rawhide Coalition M. Co., 33 Nev. 307, 111 P. 30; Jensen v. Wilslef, 36 Nev. 37, 132 P. 16, Ann. Cas. 1914D, 1220; Round Mountain Min. Co. v. Round Mountain Sphinx Co., 36 Nev. 543, 138 P. 71; Rehling v. Brainard, 38 Nev. 16, 144 P. 167, Ann. Cas. 1917C, 656; Gaston v. Avansino, 39 Nev. 128, 154 P. 85; Carey v. Clark, 40 Nev. 151, 161 P. 713; Clark Co. v. Francovich, 42 Nev. 321, 176 P. 259; McNee v. McNee, 49 Nev. 90, 237 P. 534, 537; O'Banion v. Simpson, 44 Nev. 188, 191 P. 1083.

Appellants recognize this rule, but insist that a study of the record will disclose that as to the questions presented the findings of the trial court have no substantial support therein.

We have decided not to quote the voluminous extracts from the evidence to which we have been referred by respective counsel, believing that to do so would be of little value.

■ The first point made by appellants is that the evidence establishes that respondents received a discount on the material furnished, and that said discount was not passed on to appellants. The appellants and respondents agree that the contract for the dwelling house was for the specified sum of $10,303 or for cost plus seven percent, whichever might be the lower. Respondents contend that the appellants were not charged one cent in excess of $10,303 for the work done under the original contract for the reconstruction, repair and improvement of the dwelling house

under the Vahy plans and specifications, and their contention finds substantial support in the evidence. However, certain specified work and construction is conceded to have been performed on a cost plus basis, and as to this construction it is urged the respondents obtained, and retained for their sole benefit, discounts; that as a matter of law such an advantage cannot legally be taken by a contractor as against the principal. Green v. Post, 135 Wash. 209, 237 P. 307. That such is the law is conceded by respondents, and such is the view held by the trial court. However, appellants complain that said court failed to apply that rule. We have read the record and particularly the portions cited by counsel, and we are convinced that substantial evidence exists to sustain the finding of the trial court that appellants received the benefit of all discounts given the respondents on the prices of materials used in the construction and repair of the buildings, and hence the finding of the trial court is sustained.

■ The next assignment of error relied on deals with two written change orders. The first written change order contains sixteen changes, and the second eighteen changes. All of the additions in these changes were allowed by the court, and a few subtractions were allowed. However, subtractions aggregating $391.16 were disallowed. Respondents discuss these items in detail, with many references to the record and quoting of testimony in support of their contention that substantial evidence exists to sustain the findings of the trial court. We find such to be the fact, and the finding of the trial court is sustained. As to other items not involved in written change orders, appellants frankly concede that most of these items were the subject of conflicting testimony, but claim that the evidence indicates clearly gross and unwarranted padding of items of labor and material. Some of the items were disallowed by the trial court. We think the trial court gave careful consideration to the evidence relative to

the items in question, and that the claims of the appellants were disallowed only in such instances as the evidence on the part of the respondents substantially justified and sustained a finding in their favor.

The next proposition deals with extras which appellants claim the respondents were bound to supply under the terms of the contract. Certain claimed deductions were asked by appellants of the trial court; some were allowed and others disallowed. We think the court took the proper view of the law and the facts in making a determination of this claim.

■ The fourth contention relates to a claim as extras in relation to what appellants insist is the use of respondents' own tools. We will dispose of this matter by stating that the evidence in respect thereto was sufficient to justify the court in making the finding that it did.

The fifth contention made by appellants is that the court adopted its own lines, courses, distances and extent in determining, without allegations in the pleadings and without evidence, the necessary ground for the convenient use and occupancy of the buildings, and included them in the lien foreclosure decree. In support of this contention appellants state, in substance, that the complaint describes the entire ranch property, and, further, that the complaint did not describe the premises upon which the lien is claimed with reasonable certainty or sufficiently for identification. Paragraph IV of the complaint reads:

"That between the 1st day of May, 1941, and the 10th day of September, 1941, in Elko County, Nevada, said plaintiff entered into certain contracts with said defendants, Edward Friendly and his said wife, for the construction, erection, repair, reconditioning and improving of those certain buildings, structures, houses, barns, chicken houses, cess pools, etc., hereinafter described and referred to, and to furnish the materials, supplies and work and labor therefor to be used in the building

and construction of said premises, for the use and benefit of said defendants, all of which are situate, so plaintiff is informed and believes, and therefore, alleges the fact to be, on the NE¼ of the SW¼ of Section 24, Township 36 North, Range 59 East, M. D. B. & M., and which said premises are embraced in the following lands and premises in the County of Elko, State of Nevada, commonly known as and called the S. P. McMullen Ranch, to-wit:

"Those certain premises mentioned and referred to in that certain notice of completion of work dated October 16, 1941, and filed of record in the office of the County Recorder of the County of Elko, State of Nevada, at Elko, Nevada, on October 16, 1941, and recorded in Book 12 of Miscellaneous Records at page 142, which said notice is signed by Edward Friendly on behalf of Margaret Elliott Burch Friendly, and which was filed by said Edward Friendly, which said premises are generally known and in said notice referred to as the S. P. McMullen Ranch Properties in Star Valley, said County and State, and which are embraced in the following described lands, to-wit:"

Immediately following these allegations, the S. P. McMullen ranch referred to therein is described by legal subdivisions.

And the statement in the lien claim, which is made a part of the complaint, reads as follows: "That said contractor, therefore, holds and claims a lien against a reasonable portion of said real estate upon which said buildings and improvements are situate, and also said buildings and improvements, and each of them, for the unpaid portion of said contract prices in the sum of $3,156.29, * * *."

■■ The lien was made a part of the complaint, and said lien and the complaint should be read together. These allegations establish the fact that the buildings in question were situate upon a certain quarter section of ranching property which was in the possession and ownership of the appellants, which said quarter section

was particularly described. Such a description is sufficient for identification. Appellants understood that a quarter section only, and not the entire ranch property, was claimed for the convenient use and occupation of the buildings, for it is stated in appellants' opening brief that their answer filed in the trial court denied "that the entire 40 acre tract referred to in the complaint was necessary for the convenient use and occupation of the building."

■ It is strenuously insisted by appellants that there is not one scintilla of evidence in the record upon which the court could base its conclusion as to the amount of land necessary for the convenient use of the buildings. The court marked out upon a map which had been admitted in evidence the portions of the premises which it deemed necessary for this purpose. While it is true that we do not find in the record any direct statement from any witness that a specifically described portion of the property is or was necessary for the convenient use of the buildings, yet the witness Settelmeyer testified that he had made a survey of the premises and had prepared a map, which is in evidence, showing the relation of the different buildings and the land upon which they were situate, together with the courses and distances. This enabled the court to have exact knowledge of the situation as it exists upon the land, and from which the trial court could draw its conclusion as to what land was necessary and convenient for the use of the property. We not only think that the evidence presented in this respect was ample, but that it was of the highest order and much more satisfactory upon which to base a finding than had a witness merely testified as to his or her opinion that certain portions of the land were necessary or sufficient for the use of the property.

■ As to point No. 6, relative to the value of labor and materials, in our opinion the finding on this proposition also is supported by substantial evidence in the record, and is sustained.

■ We think that under the circumstances the attorney's fees of $750 allowed by the court is reasonable. The record sustains the view that a great amount of work was performed by counsel for respondents in the preparation and trial of the case.

Judgment affirmed.