ANDERSON, respondent, *v.* HULME ET AL., appellants.

PLEADING — *Verdict sustained by pleadings — Demand must be alleged and proved to fix responsibility of agent.* — In an action for money had and received by agent or attorney for use of plaintiff, it is necessary to allege a demand and refusal to pay before recovery can be had, and such demand will not be presumed. .

*Appeal from First District, Yellowstone County.*

SANDERS & CULLEN and ANDREW F. BURLEIGH, for appellants.

The complaint does not state facts sufficient to consti-

tute a cause of action. There is no allegation whose money was received, for whose use, no allegations of demand and omission or refusal to pay.

The answer set up new matter which was not denied. After verdict the court allows a replication to be filed. There was verdict for interest as well as amount claimed, while the complaint and prayer failed to ask for interest.

There must be a demand on a gratuitous bailee. 6 Cal. 31–68; 24 Wend. 203; Van Santvoord, p. 214; Edwards on Bailments, p. 87.

Allegation of indebtedness is a conclusion of law only. *Wells* v. *McPike*, 21 Cal. 216.

Allegation that a certain amount is *due* is also a conclusion of law. *Frish* v. *Caler*, 21 Cal. 71.

Amendments of pleading after verdict are allowed with great caution, and only for good cause shown.

E. W. & J. K. TOOLE and WM. WALLACE, JR., for respondents.

Defendants waived objection to complaint by their answer and going to trial on the merits. The admissions in answer supply defect in complaint. Verdict for plaintiff will carry the presumption that the proof supplied the defective averment. *Hershfield & Bro.* v. *Aiken*, 3 Mont. 442; Code of Civil Proc. p. 61, sec. 117.

There was no error in allowing the filing of replication after verdict. It was to make pleadings conform to proof and in furtherance of justice. *Hartley* v. *Preston*, 2 Mont. 415; *Wormall* v. *Reins*, 1 Mont. 631.

If interest was allowed in verdict and by judgment thereon, without being claimed, the court will direct a proper modification of judgment. *Greenhood* v. *Randall*, 3 Mont. 506.

COBURN, J. This is an appeal from a judgment in favor of the plaintiff, the respondent, founded upon the following complaint, which the appellant insists does not state facts sufficient to constitute a cause of action:

"Plaintiff, in the above entitled action, complaining of the above named defendants, alleges that the above named defendants, on or about the 1st day of February, 1883, were indebted to the plaintiff in the sum of $259, balance due plaintiff for money received by defendants upon sale of lots 7 and 8, in block 114, in the town of Billings in said county and territory. That the same is now due and unpaid. Wherefore, plaintiff demands judgment against said defendants for the sum of $259, together with interest upon the same from the 1st day of February, 1883, besides costs of this action."

To this complaint the defendants answered in two paragraphs: "First. A denial that they, or either of them, on the 1st day of February, 1883, or at any other time, were indebted to the plaintiff in said sum, or any other sum. Second. That on or about the date last mentioned the defendants held a mortgage upon said lots 7 and 8, in block 114, and plaintiff being desirous of selling them, it was agreed by and between plaintiff and defendants that the purchase money realized from the sale of said lots should be applied to the payment of other lots in Billings owned by said plaintiff and owing to the defendants. That said purchase money was so applied, and was done at the express consent and desire of said plaintiff," followed by a prayer "for damages for the malicious and wrongful institution of the suit and for the expenses and inconvenience consequent thereon."

Without further pleading, on the 10th day of October, 1883, the cause was tried by a jury, which rendered a verdict for the plaintiff, and assessed his damages at $259, with interest and costs. Two days after this, on the 12th day of October, the defendant moved to set aside the verdict, for the following reasons:

1. Because it is contrary to the evidence.

2. Because the complaint does not state facts sufficient to constitute a cause of action.

3. Because the allegation of new matter in the answer,

which constituted a defense, is not denied by replication; nor is any reply filed herein.

This motion was overruled, and the court permitted the plaintiff to file a reply to the above answer, which is as follows: The plaintiff denies that there was any agreement entered into at any time between the plaintiff and defendants, to the effect that the purchase money realized from the sale of lots 7 and 8, in block 114, should be applied to the payment of sums due upon other lots in said town, owing to defendants. Plaintiff denies that said sum of $259, or any part thereof, was applied by defendants to the payment of indebtedness of plaintiff to the defendants for other lots, with plaintiff's consent.

To the filing of this reply the defendants, at the time, excepted. Thereupon the court, over the objection of the defendants as to the sufficiency of the complaint, rendered judgment upon the verdict, and the defendants gave notice of appeal to this court.

Does the complaint state facts sufficient to constitute a cause of action?

It is alleged that the defendants have received money for the sale of lots, for which suit is brought. The defendants were the agents of the plaintiff to sell certain town lots, and to collect and receive the purchase money therefor. There is no averment in the complaint of a demand for the money collected by the defendants for the plaintiff as his agents, or of a refusal to pay. This action is founded on a supposed breach of trust, which must be made out affirmatively before the agent can be charged. In *Taylor* v. *Bates*, 5 Cowen, 376, it has been held that an action would not lie against an attorney for money collected for his client until after a demand or a request to remit. The learned judge said the contrary doctrine would be in opposition to the nature of the defendant's trust, as well as against justice and good faith. The same point was adjudged in *Rathbun* v. *Ingalls*, 7 Wend. 320, where the plaintiff was nonsuited, although

several years had elapsed between the time of collecting the money and the bringing of the action. See *Cooley* v. *Betts*, 24 Wend. 203. In this case, Justice Bronson says: "It is the duty of an agent to render an account of his transactions to his principal within a reasonable time, and when it appears that he has neglected to do so, an action for not accounting may, perhaps, be maintained without a demand. But here there was no evidence to show that the defendants had not rendered an account. And, besides, the action is for not paying over the proceeds of the goods, the special counts being laid out of the case; and, in such action, it is necessary to show a demand or instructions to remit."

In *Reina* v. *Cross*, 6 Cal. 31, the complaint alleged that the defendant contracted to carry certain freight from the port of Acapulco to Valparaiso in consideration of a certain sum of money, a portion of which was paid by plaintiff in advance. That defendant received said freight on his vessel, and departed on the voyage, but did not perform his contract, because of the loss of his vessel at sea. The complaint also contained a second count for money had and received to the use of the plaintiff. The court say: "The second count is bad, because it is not alleged that demand had been made on the defendant. A party receiving money to the use of another is rightfully in possession until the same is demanded."

The evidence is not in the record, and we cannot presume that there was proof to supply the omitted averment of a demand. The verdict must be sustained by the pleadings, and they are silent as to a demand.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*