ALBERT E. JONES, APPELLANT, v. JOSEPHUS RICH,
AS ADMINISTRATOR, RESPONDENT.

[Submitted Oct. 29, 1897. Decided Nov. 15, 1897.]

*Foreclosure—Pleading, in Suit Against Administrator— Counsel Fees.*

1. IN AN an action against an administrator to foreclose a mortgage executed by the deceased, the complaint alleged that the plaintiff presented —— his claim for the amount of the principal and interest —— as shown by the —— note and mortgage, —— as required by law with the necessary vouchers; the remainder of the complaint is in the usual form. *Held,* 1st. That the complaint alleged a presentation of the claim to the administrator. 2nd. That a demurrer to the complaint on the ground that it was ambiguous, unintelligible and uncertain, because it does not appear whether or not the claim had been allowed or not, or that plaintiff, by reason of the inaction on the part of the defendant, elected to treat the claim as having been rejected, was not well taken.
2. SAME—It seems that where the complaint does not allege a presentation of the claim, it should allege that plaintiff waives all recourse against the other property of the estate.
3. SAME—*Counsel Fees*—In such an action counsel fees cannot be recovered against the administrator, unless the complaint alleges that the claim was presented to the administrator.

*Appeal from District Court, Beaverhead county. Frank Showers, Judge.*

. ACTION by Albert E. Jones against Josephus Rich, as administrator of the estate of Frank C. Slader, deceased. From a judgment for defendant, plaintiff appeals. Reversed.

Statement of the case by the justice delivering the opinion.

VOL. XX—19

This was an action to foreclose a mortgage securing a promissory note, the note mortgage having been executed to plaintiff by one Slader. Defendant was the duly appointed administrator of the estate of said Slader, deceased.

The complaint contained the usual averments as to execution, nonpayment, etc. After setting forth the appointment of the defendant as administrator and the publication of notice to creditors by him, it alleged "that within the time limited in said notice, to-wit, on the 11th day of November, A. D. 1895, this plaintiff presented to the said defendant, as administrator of the estate of said decedent, the person to whom in said notice claims were required to be presented, his claim for the amount of the principal sum and interest due from said decedent to this plaintiff, as shown by said promissory note and mortgage, and as set forth in this complaint, as required by law, together with the necessary vouchers to entitle the said claim to be allowed and to rank among the acknowledged debts of said estate."

There was no averment as to any action taken by the defendant administrator on the claim presented. In the relief prayed for, the plaintiff asked for a deficiency judgment in case the amount of money realized from a sale of the property should be insufficient to pay the note and the costs of the suit.

Defendant interposed a demurrer to the complaint, on the ground that said pleading did not state facts sufficient to constitute a cause of action, and also on the ground that "said complaint was ambiguous, unintelligible, and uncertain in this, to-wit: It does not appear from the averments therein if or not the claim sued on has or has not been allowed by said defendant, or that plaintiff, by reason of inaction on the part of the defendant, elected to treat the claim as having been rejected."

The demurrer was sustained, and, plaintiff electing to stand on his complaint, judgment was rendered for defendant. The appeal is from the judgment.

*Henry R. Melton* and *Toole & Wallace,* for Appellant.

*Burleigh & Willis,* for Respondent.

BUCK, J.—Section 2603 Code of Civil Procedure, 1895, requires all claims arising from contracts to be presented to an administrator within a certain time. It is provided, however, in said section, "that nothing in this title contained shall be so construed as to prohibit the right, or limit the time, of foreclosure of mortgages upon real property of de cedents, whether heretofore or hereafter executed, but every such mortgage may be foreclosed within the time and in the manner prescribed by the provisions of this code, other than those of this title, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure, shall be a claim against the estate, unless such debt was presented as required by the provisions of this title."

Section 2604 requires that a claim must be "supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited," etc. It also provides that "the executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim."

Section 2606 provides for the action to be taken by the administrator upon a claim presented to him, and that, if he neglects or refuses to indorse on the claim an allowance or the rejection thereof for 10 days after the claim has been presented to him, such refusal or neglect may be deemed equivalent to a rejection on the tenth day.

Section 2607 contains provisions as to a copy and description of the claim secured by a mortgage when presented.

Section 2610 provides that "no holder of any claim against an estate shall maintain an action thereon, unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented."

It appears from the complaint that plaintiff sought to fore-

close his mortgage, and, in case the amount realized from the sale of the property embraced therein was insufficient, to obtain a deficiency judgment. If there had been no presentation of his claim, and he had proceeded under Section 2610, he should, of course, have alleged a waiver of any recourse against property of the decedent other than that embraced in his mortgage.

Does the complaint state a cause of action? Section 2603, in express terms, authorizes the foreclosure of a mortgage, whether the claim secured thereby has been presented to the administrator or not. It says that nothing in the title (namely, title 12, "Probate Proceedings") shall prohibit said right. In the case of nonpresentation the penalty is no deficiency judgment. Section 2610 also adds to the penalty of nonpresentation, by not allowing any counsel fees. It also requires in the complaint an allegation of waiver of recourse. The exception in said Section 2610 refers to a claim secured by mortgage or lien where there has been no presentation. But this Section 2610 in no wise applies to a claim which has been presented.

The complaint alleges a presentation of plaintiff's claim. The allegations in this respect may be somewhat defective. It is not averred that an affidavit was made by plaintiff at the time of said presentation, or any copy of the note or mortgage or description of the latter furnished the administrator. But the demurrer, on the grounds of ambiguity, unintelligibility, and uncertainty, did not specify any such defects. What was complained of on said grounds was that nothing was alleged as to the action of the administrator on the claim when presented. The allegations in respect to the presentation are not mere conclusions of law, as respondent seems to insist in his brief; particularly in respect to the phrase "necessary vouchers." So far as furnishing vouchers is concerned Section 2604, *supra*, does not make that a condition precedent to the allowance of a claim. The executor or administrator may require satisfactory vouchers in his discretion.

The demurrer then admits that there was a presentation by

plaintiff of his claim. If the claim was presented, what action the administrator took in reference to it; if said action in any wise would affect the case, could have been, and can be, pleaded in the answer. The mere failure, however, of the complaint to contain an allegation as to such action, is not fatal. Neither the presentation nor the nonpresentation affects the right to foreclose the mortgage, nor does the allowance or rejection by the administrator. We are also of the opinion that the failure did not render the pleading ambiguous, unintelligible, and uncertain. '

The judgment is reversed, and the cause remanded, with directions to the lower court to overrule the demurrer.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.