## MOORE BROS. SHEEP CO., RESPONDENT, *v.* LEHFELDT, APPELLANT.

(No. 4,093.)

(Submitted January 14, 1920.   Decided February 9, 1920.)

[187 Pac. 910.]

*Pleading—Conclusions—Insufficiency.*

> 1.   An allegation in an action to recover the consideration paid for a written lease of real property that the lease was void was one of a legal conclusion and insufficient to support a judgment.

*Appeal from District Court, Blaine County; W. B. Rhoades, Judge.*

ACTION by the Moore Bros. Sheep Company against Julius Lehfeldt. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. Frank N. Utter,* for Appellant.

*Messrs. Stranahan & Stranahan* and *Mr. L. V. Beaulieu,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This appeal, by the defendant, from a judgment in favor of plaintiff, presents but one question: Does the complaint state facts sufficient to constitute a cause of action?

Stripped of formal parts, the complaint alleges that on April [1] 25, 1915, plaintiff and defendant entered into an agreement in writing by the terms of which defendant leased to plaintiff for one year certain real estate, describing it, for the sum of $75; that, believing the lease to be valid, plaintiff paid to defendant the sum of $75; that the lease was null and void; that plaintiff received no consideration for the money; and that, though demand has been made, defendant refuses to return it.

The sufficiency of the complaint was tested by general demurrer and by objection to the introduction of evidence.

It is apparent from the complaint that whether plaintiff received any consideration for the money paid is made to depend upon the validity or invalidity of the lease. The allegation that the lease was and is null and void is but the statement of a bare, legal conclusion. There is not a fact disclosed from which the invalidity can be determined.

Section 6532, Revised Codes, provides that the complaint must contain a statement of the facts constituting the cause of action; and, because the complaint in this instance fails to do so, it will

not support a judgment. (*Truro* v. *Passmore,* 38 Mont. 544, 100 Pac. 966.)

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.